IN THE MATTER OF THE APPLICATION OF JOHN H. SCHMITKER FOR A WRIT OF HABEAS CORPUS.

**Liquor Selling:** LICENSE: CITIES OF SECOND CLASS. A party who takes out a license to sell liquors in a city of the second class, under the authority of section 586, chap. 58, Gen. Stat., 855, is not required to take out a second license under an ordinance of the city, in order to legally conduct his business during the time and at the place mentioned in the first license.

APPLICATION for a writ of *habeas corpus.*   The sections of the statute cited and construed by the court, are as follows:

" To levy and collect license tax on auctioneers, contractors, * * * , *dram shops, saloons, liquor sellers,* * * * , and regulate the same by ordinance."   Subd. IV, Sec. 31, Gen. Stat., 144.

This provision was adopted March 1, 1871.  At that time the following section of the criminal code was in force.  Sec. 350, Chap. 29.  Revised Statutes, 1866. (Same section, 586, Chap. 53, Gen. Statutes, 855.)

" All the powers and duties in this chapter devolving upon the county commissioners shall belong to and be exercised exclusively by the proper authorities of any or all incorporated towns and cities of this state, within the incorporated limits thereof, and the authorities of such towns and cities are hereby empowered to make all

needful rules, and pass all necessary ordinances, decrees, or orders to carry out the intent of this chapter. They may determine what municipal officer shall receive the petition, file the bond, and receipt, and issue the license as in section three hundred and thirty-six required: *Provided, however,* That such incorporated cities and towns may require such additional sum to be paid for license under this chapter as to them may seem best, not to exceed one thousand dollars, which sum, together with the sum herein required to be paid to the county treasurer, may be paid to the treasurer of the town or city, who shall account for the same, and his receipt therefor shall be equivalent to the receipt of the treasurer of the county, for all the purposes named in section three hundred and thirty-six."

*W. H. Morris,* for Schmitker.

*M. B. C. True* (with whom was *W. J. Lamb*), for the city of Crete.

LAKE, Ch. J.

John H. Schmitker was arrested and imprisoned for an alleged violation of an ordinance of the city of Crete, regulating the keeping of saloons and the sale of intoxicating liquors. Crete is a city of the second class, and entitled to exercise all the powers given by the act providing for the incorporation of such cities.

It appears that Schmitker, on the fourteenth day of May, 1875, applied for and obtained a license in due form from the proper officer of said city, authorizing him to vend malt, spirituous, and vinous liquors in his building situated on lots seven and eight, block one hundred and forty-two, for one year, ending May 1st, 1876. The alleged violation of the ordinance of said city consisted of a sale of one glass of malt liquor at that place on the thirtieth of June, 1875.

The license which he obtained was issued under an ordinance passed in pursuance of the authority of section five hundred and eighty-six, chapter fifty-eight, General Statutes, which provides that: "All the powers and duties devolving upon county commissioners," under the act regulating the license and sale of liquors "shall belong to and be exercised by the proper authorities of any and all incorporated towns and cities in this state within the incorporated limits thereof," etc. Attached to·this license was a condition in these words. "Provided that nothing contained in this license shall authorize said J. H. Schmitker to sell or give away any malt, spiritous, or vinous liquors, without first having complied with the provisions of ordinance number forty, entitled "An ordinance defining saloons and fixing rate of tax thereon," approved April 21st, 1875.

Under this ordinance the authorities of Crete, in addition to the sum of twenty-five dollars, the amount charged and collected for the license already issued, sought to require of Schmitker the payment of the additional sum of two hundred and fifty dollars, and the taking out of a second license as a condition upon which he could legally engage in the sale of intoxicating liquors. Had they the authority to do this? We think not. There was, certainly, no authority of law for requiring a second license to be taken out as a condition upon which this traffic could be carried on, and the proviso attached to the license issued to Schmitker was merely void of effect, and he was fully justified in disregarding it.

It is contended by counsel for the respondent that the fourth subdivision of section thirty-one of the act to incorporate cities of the second class, passed March 1st, 1871, invests the authorities of the city with power to issue a second license, and demand this additional sum. But we cannot accept this construction of that statute when

considered with reference to the duties enjoined upon cities by the section of the general license law before referred to. There is no real conflict between these two provisions, and they should both be considered in determining the extent of the authority conferred by the legislature upon the city.

We think it is clear that the legislature intended to intrust the legalization of the liquor traffic in cities and incorporated towns to the proper authorities thereof under the restrictions and limitations found in the general license law. And it seems equally manifest that these authorities, having once determined the sum to be paid, received the money and issued the license to carry on the business at a particular place within the city, they cannot exact an additional amount, and compel him to take out a second license covering the same time and place. At all events such is our decision.

It is unnecessary to determine to what particular fund these license moneys belong when collected, as that question is not involved in the case. All that we decide is that Schmitker was not required, under the law, to take out a second license in order to legally conduct his business during the time and at the place mentioned in the one he had already received.

For these reasons it is ordered that he be at once discharged from his said imprisonment.

JUDGMENT ACCORDINGLY.